**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |  | |
|---|---|---|---|
| CENTER FOR INQUIRY, INC., AND ERIC MCCUTCHAN, | § § § | | |
| Plaintiffs, | § § | Civil Action No. _____ | |
| v. | § § | | |
| | § | JURY TRIAL DEMANDED | |
| MARY LOUISE NICHOLSON in her capacity as Clerk of Tarrant County, Texas, and PHIL SORRELLS in his capacity as District Attorney of Tarrant County, Texas, | § § § § § | | |
| Defendants. | § | | |

**ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF A TEXAS STATUTE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Center for Inquiry, Inc. ("Center for Inquiry" or "CFI") and Eric McCutchan (together, "Plaintiffs"), by and through their attorneys, file this Original Complaint against Mary Louise Nicholson in her capacity as Clerk of Tarrant County, Texas, and Phil Sorrells in his capacity as District Attorney of Tarrant County, Texas (together, "Defendants"). In support of their Complaint, Plaintiffs allege as follows:

### I.     PRELIMINARY STATEMENT

1.     Texas Family Code Section 2.202 ("Section 2.202") specifies that marriages in Texas may be conducted only by (1) officiants associated with organized religion, or (2) state and federal judges. Plaintiff Eric McCutchan is trained as an officiant—a secular celebrant—but is not associated with an organized religion. Therefore, to perform a secular marriage ceremony in

Texas, Mr. McCutchan must forsake his secular philosophy and affiliate with a religious organization to solemnize a marriage.

2. Persons who knowingly conduct a marriage ceremony in Texas without requisite authority are guilty of a criminal offense—a Class A misdemeanor.

3. Plaintiff CFI is an organization devoted to the pursuit of ethical alternatives to religion. Among other things, CFI provides training to individuals like Plaintiff Eric McCutchan to conduct marriage ceremonies consistent with the organization's ideals and principles.

4. Mr. McCutchan cannot lawfully and/or validly conduct such a marriage ceremony in Texas. Section 2.202 provides that only select public officials or certain persons associated with religious groups can legally conduct marriage ceremonies.

5. This statute is unconstitutional and Plaintiffs respectfully request appropriate injunctive and declaratory relief be issued.

## II.   PARTIES

6. The Center for Inquiry is a non-profit organization headquartered in New York and authorized to do business in Texas. The Center for Inquiry has over 30,000 supporters across the nation, including close to 1,000 supporters in Texas. The Center for Inquiry operates an active branch in Austin, Texas ("CFI Austin"), holding regular meetings and events for its members and others.

7. Eric McCutchan is a citizen of Texas, residing in Tarrant County. Mr. McCutchan has been a secular celebrant certified with the Center for Inquiry since February 2014.

8. Mary Louise Nicholson is the duly elected Tarrant County Clerk and is sued in her official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

9. Phil Sorrells is the duly elected Tarrant County District Attorney and is sued in his official capacity pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

### III.   JURISDICTION, VENUE, AND CAUSE OF ACTION

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the U.S. Constitution.

11. Venue is proper in this district under 28 U.S.C. § 1391.

12. Declaratory relief is authorized by 28 U.S.C. § 2201-2 and by Federal Rule of Civil Procedure 57.

13. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights secured by the Constitution of the United States under the color of state law.

### IV.   FACTS

14. Under Texas law, "[a] man and a woman desiring to enter into a ceremonial marriage must obtain a marriage license from the county clerk of any county" in the state. TEX. FAM. CODE ANN. § 2.001(a).  The respective county clerk issues marriage licenses to couples following proper execution of the application for a license under Sections 2.002 and 2.008. *Id.* § 2.009.  To have the marriage formally recognized by the State, an authorized person must conduct the marriage ceremony and return the license to the issuing county clerk within 90 days. *Id.* §§ 2.201–2.208.

15. Texas only allows the following individuals to conduct a marriage ceremony:

   (1)   a licensed or ordained Christian minister or priest;

   (2)   a Jewish rabbi;

   (3)   a person who is an officer of a religious organization and who is authorized by the organization to conduct a marriage ceremony; and

   (4)   a current, former, or retired federal judge or state judge.

*Id.* § 2.202(a). "Religious Organization" is not defined in the Texas Family Code. The term "religion" is defined as "the service and worship of God or the supernatural." *See Religion*, MERRIAM-WEBSTER, at http://www.merriam-webster.com/dictionary/religion (last accessed October 25, 2024).[1]

16. A marriage conducted by an unauthorized person is invalid. *See* TEX. FAM. CODE ANN. § 2.302. Further, a person who "knowingly conducts a marriage ceremony without authorization under [Section 2.202(a)]" commits a Class A misdemeanor that carries a punishment of up to one year in county jail and a fine of up to $4,000. *Id.* § 2.202(c). District attorneys are responsible for enforcing the statute's criminal penalties, including this statute.[2]

17. The Center for Inquiry is a membership organization with over 30,000 supporters who have subscribed to its publications or donated to the organization. Of these supporters, approximately 1,000 are citizens of Texas. The Center for Inquiry operates branch organizations across the country, including in Texas. Both the national organization and the Texas branch engage in educational and social activities, including regular meetings.

18. The Center for Inquiry's mission is to foster a secular society based on reason, science, freedom of inquiry, and humanist values. Its vision is a world where people value evidence and critical thinking, where superstition and prejudice subside, and where science and compassion guide public policy.

---

[1] Mr. McCutchan could also seek online ordination by joining one of many "religious organizations," including the Church of Body Modification, the Church of Bacon, or the Church of the Dude.

[2] *See Tarrant County, Texas, Criminal District Attorney, Our Mission*, at https://www.tarrantcountytx.gov/en/criminal-district-attorney/about-us.html?linklocation=Departments&linkname=About%20Us (last accessed October 25, 2024) ("The mission of the Office of Criminal District Attorney of Tarrant County is to enhance public safety through rigorous enforcement of criminal and civil laws. . . .").

19. The Center for Inquiry is a purely secular organization that maintains that scientific methods and reasoning should be utilized in examining religious claims. It maintains that religion is a human creation, but that there are basic human values and ethical principles that should govern human behavior. The Center for Inquiry expresses a commitment to improve human welfare in this world.

20. The Center for Inquiry promotes values often denominated as "secular humanism." It also denies that a supernatural source is required for life to have and for people to be guided by values and ethics. Instead, the Center for Inquiry challenges persons to develop their own values, emphasizing, however, that the basic components of effective morality—integrity, trustworthiness, benevolence, and fairness—should be the universally recognized baseline for these values.

21. The Center for Inquiry offers a secular template for guiding persons in pursuing fulfilling and humane lives—lives that are rich intellectually, ethically, and emotionally—without reliance on religious faith. The Center for Inquiry therefore presents for its members and supporters a detailed and structured philosophy of life.

22. Plaintiff Eric McCutchan is a certified secular celebrant with the Center for Inquiry. Mr. McCutchan wishes to conduct marriage licenses for those seeking a non-religious marriage ceremony in Texas, but due to the state's laws, cannot legally perform this service.

23. The Center for Inquiry has supporters in Texas who would like to be married by a person who has completed the secular celebrant program and is therefore authorized by the Center for Inquiry to solemnize marriages. Much like persons who wish to proclaim and reaffirm their religious faith in religious marriage ceremonies, these supporters wish to have a meaningful marriage ceremony that features an assertion of their philosophical and ethical views. The Center

for Inquiry's secular celebrants can help these couples by conducting marriages in a manner that integrates their beliefs into the ceremony.

24. Texas citizens unaffiliated with the Center for Inquiry who do not desire religious weddings but wish to have meaningful secular ceremonies have also requested that secular celebrants perform their weddings.

25. A ceremony solemnized by secular elected officials is often not an acceptable alternative for any number of reasons, including limitations on the time and place ceremonies may occur, the risk of the inclusion of religious concepts and language in the ceremony contrary to the couple's desires, the aversion to the governmental overtone that the elected official's presence carries, and the anonymity of the official who typically will not know the couple personally and therefore unable to construct a service which expresses the couple's values and personalities.

26. As an organization, the Center for Inquiry also wishes to have its secular celebrants perform weddings for all those who request such weddings. The Center for Inquiry believes this to be an important community service for persons desiring to have a meaningful but non-religious wedding. Moreover, having its secular celebrants perform marriages is an important way for the Center for Inquiry to assert, express, and publicize the organization's philosophical and ethical views.

27. Neither Mr. McCutchan, nor any other Center for Inquiry supporter in Texas who is a certified secular celebrant, is a person authorized to solemnize marriages pursuant to Section 2.202 of the Texas Family Code.

28. Mr. McCutchan and other Center for Inquiry supporters from Texas who are or may become certified secular celebrants are therefore prevented from conducting marriage ceremonies in Texas.

29. Mr. McCutchan has been requested to conduct multiple weddings. CFI Austin has received multiple requests to provide secular celebrants to conduct weddings. Both Mr. McCutchan and the organization have been required to inform these couples that secular celebrants may not, under Texas law, solemnize the marriage itself.

30. The couples who request that a secular celebrant from CFI Austin conduct their marriages are denied the wedding ceremony that would represent a meaningful expression of their life views and philosophy.

31. At all times Defendants acted and failed to act under the color of state law. Pursuant to Section 2.202, Mary Louise Nicholson has not and will not record licenses returned by secular celebrants and other qualified officials that are not authorized to conduct marriage ceremonies, depriving Plaintiffs of rights secured by the U.S. Constitution. Likewise, pursuant to Section 2.202(c), Phil Sorrells may bring criminal charges against Mr. McCutchan or any other secular celebrant who attempts to solemnize a marriage in Texas in violation of Section 2.202 and is therefore depriving Plaintiffs of rights secured by the U.S. Constitution.

32. Plaintiffs are being caused irreparable harm for which there is no adequate remedy at law.

## V.   LEGAL CLAIMS

### COUNT ONE
### Violation of the Establishment Clause of the U.S. Constitution

33. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

34. The Establishment Clause prohibits the government from making any law which constitutes an "establishment of religion." U.S. Const. amend. I.

35. Section 2.202, which allows all manners of religious leaders to conduct marriage ceremonies and allows persons of faith to be married by religious leaders of their choice while

denying these opportunities to Plaintiffs creates a preference for religion over non-religion in violation of the Establishment Clause of the First Amendment to the United States Constitution.

36. Further, Section 2.202 fails the *Lemon* test for Establishment Clause violations because the Act has no secular purpose, impermissibly endorses religion, and fosters excessive entanglement with religion. *See Lemon v. Kurtzman,* 403 U.S. 602 (1971).

37. Section 2.202 allows people to be married by the religious leaders of their choice, while denying this opportunity to secular couples. This statute therefore denies rights secured by the First Amendment to:

 a. The Center for Inquiry, for which the ability to perform such ceremonies is an important way of expressing to its supporters and the public its belief system;

 b. Mr. McCutchan, who desires to be able to conduct wedding ceremonies as a secular celebrant as an expression of his philosophies and system of beliefs; and

 c. Couples who desire to be married by a secular celebrant as a celebration of their life philosophies and beliefs.

38. This violation of the Establishment Clause of the First Amendment to the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

## COUNT TWO
### Violation of the Equal Protection Clause of the U.S. Constitution

39. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

40. The Equal Protection Clause of the Fourteenth Amendment provides that states may not "deny any person within [their] jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1.

41. Section 2.202 extends the right to officiate at weddings to religious leaders and allows persons of faith to be married by religious leaders of their choice while denying this same right to the Plaintiffs.

42. This statute denies rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to:

   a. The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has supporters who desire to be married by its certified secular celebrants as well as having supporters who are certified secular celebrants;

   b. Mr. McCutchan, who is denied the ability to conduct wedding ceremonies in Texas, despite formal training, because he is not a religious celebrant; and

   c. Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating marriages, is not a religious celebrant.

43. This violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

## COUNT THREE
### Violation of Article VI of the Constitution

44. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

45. Article VI of the U.S. Constitution states, "[N]o religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." U.S. Cons. art. VI, cl. 3.

46. Section 2.202 requires that a secular celebrant who does not hold a public office profess a religious belief in order to solemnize a marriage under state law.

47. This is an unconstitutional religious test imposed upon secular celebrants.

48. This statute denies rights secured by Article VI of the U.S. Constitution to:

    a.  The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has supporters who desire to be married by its certified secular celebrants as well as having supporters who are certified secular celebrants;

    b.  Mr. McCutchan, who is denied the ability to solemnize weddings in Texas despite formal training, because he is not a religious celebrant; and

    c.  Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating at marriages, is not a religious celebrant.

  49.  This violation of Article VI of the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

## COUNT FOUR
### Violation of the Unconstitutional Conditions Doctrine

  50.  Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

  51.  Under the unconstitutional conditions doctrine, "a state actor cannot constitutionally condition the receipt of a benefit . . . on an agreement to refrain from exercising one's constitutional rights." *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1077 (6th Cir. 1994).

  52.  The government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests." *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 138 n.12 (5th Cir. 2009) (quoting *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)).

  53.  Section 2.202 authorizes the State to grant the authority to solemnize marriages to a limited number of qualified individuals. Secular celebrants are not included in that list precisely because they refuse to profess a religious belief.

54. The Government therefore provides a benefit—the ability to solemnize marriages—to those who profess religion.

55. Because Plaintiffs are unwilling to express a belief in religion, they are unable to obtain the same benefit. This violates the unconstitutional conditions doctrine and denies rights secured by the U.S. Constitution to:

    a. The Center for Inquiry, which is denied the ability to spread its essential beliefs through marriage ceremonies and which also has supporters who desire to be married by its certified secular celebrants as well as having supporters who are certified secular celebrants;

    b. Mr. McCutchan, who is denied the ability to celebrate weddings in Texas despite formal training, because he is not a religious celebrant; and

    c. Couples who are unable to be married by the celebrant of their choice because the celebrant, although a graduate of formal training concerning officiating at marriages, is not a religious celebrant.

56. This violation of the U.S. Constitution is actionable as a violation of 42 U.S.C. § 1983.

## COUNT FIVE
### Declaratory Judgment

57. Plaintiffs repeat and re-allege all preceding paragraphs, as if fully set forth herein.

58. Plaintiffs request a declaration under the federal Declaratory Judgment Act that the provisions of Texas's marriage laws, which preclude them and/or their supporters from being able to solemnize marriages, are unconstitutional.

59. Declaratory judgment should be issued prohibiting Mary Louise Nicholson, in her capacity as Clerk of Tarrant County, Texas, from refusing marriages conducted by Mr. McCutchan in his capacity as a secular celebrant certified with the Center for Inquiry.

60. Declaratory judgment should be issued prohibiting Phil Sorrells, in his capacity as District Attorney for Tarrant County, Texas, from prosecuting Mr. McCutchan for conducting marriages in Texas in his capacity as a secular celebrant certified with the Center for Inquiry.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court:

A. Accept jurisdiction over this case and set it for hearing.

B. Pursuant to its power under the Declaratory Judgment Act, declare that Section 2.202 is unconstitutional and, for the reasons noted above, declare that marriages conducted by Center for Inquiry secular celebrants are valid even though secular celebrants are not among the entities or persons allowed to conduct marriages pursuant to that statute.

C. Enter a preliminary injunction, later to be made permanent, enjoining Mary Louise Nicholson, in her capacity as Tarrant County Clerk, from precluding secular celebrants like Plaintiff Eric McCutchan from conducting marriage ceremonies.

D. Enter a preliminary injunction, later to be made permanent, enjoining Phil Sorrells, in his capacity as the Tarrant County District Attorney, from prosecuting any Center for Inquiry secular celebrant who conducts a Texas marriage.

E. Issue a declaratory judgment prohibiting Mary Louise Nicholson, in her capacity as Tarrant County Clerk, from refusing marriages conducted by individuals, including Plaintiff Eric McCutchan, in his capacity as a secular celebrant certified by the Center for Inquiry.

F. Issue a declaratory judgment prohibiting Phil Sorrells, in his capacity as the Tarrant County District Attorney, from prosecuting any Center for Inquiry secular celebrant who conducts a Texas marriage.

    G.    Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

    H.    Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: October 25, 2024

    Respectfully submitted,

    */s/ M. Scott Barnard*
    M. Scott Barnard
    Texas State Bar No. 24001690
    sbarnard@akingump.com
    Madison M. Gafford
    Texas State Bar No. 24120833
    mgafford@akingump.com
    AKIN GUMP STRAUSS HAUER & FELD LLP
    2300 N. Field Street, Suite 1800
    Dallas, Texas 75201
    Telephone: (214) 969-2800
    Facsimile: (214) 969-4343

    ATTORNEYS FOR PLAINTIFFS