IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Center for Inquiry, Inc., and Eric McCutchan,<br><br>  Plaintiffs,<br><br>v.<br><br>Mary Louise Nicholson in her capacity as Clerk of Tarrant County, Texas, and Phil Sorrells in his capacity as District Attorney of Tarrant County, Texas,<br><br>  Defendants. | Civil Action No. 4:24-cv-01039-O |

## Defendants' Motion to Dismiss First Amended Complaint with Brief in Support

PHIL SORRELLS
Criminal District Attorney
Tarrant County, Texas

STEPHEN A. LUND
State Bar No. 24086920
salund@tarrantcountytx.gov
KATHERINE E. OWENS
State Bar No. 24081683
keowens@tarrantcountytx.gov
Assistant Criminal District Attorneys
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
(817) 884-1233 – Telephone
(817) 884-1675 – Facsimile

**Attorneys for Defendants**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

Facts ........................................................................................................................................ 1

Argument ................................................................................................................................ 2

    1. Standards of Decision................................................................................................ 2

    2. Plaintiffs do not have standing................................................................................. 3

        2.1 McCutchan lacks standing................................................................................. 3

        2.2 CFI does not have standing ............................................................................... 5

    3. Plaintiffs do not assert any cognizable claims.......................................................... 6

        3.1 Section 2.202 does not violate the Establishment Clause................ 6

        3.2 Plaintiffs do not have a claim under the Equal Protection Clause . 8

        3.3 Plaintiffs are not government officials............................................................. 10

        3.4 Section 2.202 does not implicate Freedom of Speech..................... 10

        3.5 Section 2.202 does not impose an unconstitutional condition ....... 13

        3.6. No independent claim for declaratory judgment .......................... 14

Conclusion............................................................................................................................ 14

Signature............................................................................................................................... 14

Certificate of Service............................................................................................................ 15

## TABLE OF AUTHORITIES

Cases

*Abdullah v. Paxton*,
   65 F.4th 204 (5th Cir. 2023) .................................................................................... 3

*Ass'n for Retarded Citizens of Dallas v. Dallas Cnty. Mental Health & Mental Retardation*,
   19 F.3d 241 (5th Cir. 1994) ...................................................................................... 6

*Barber v. Bryant*,
   860 F.3d 345 (5th Cir. 2017) .................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 2

*Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*,
   70 F.4th 914 (5th Cir. 2023) ................................................................................ 5, 14

*City of Dallas v. Stanglin*,
   490 U.S. 19 (1989) .................................................................................................. 10

*Collin County, Texas v. Homeowners Ass'n for Values Essential to Neighborhoods*,
   915 F.2d 167 (5th Cir. 1990) .................................................................................. 14

*E.T. v. Paxton*,
   41 F.4th 709 (5th Cir. 2022) ..................................................................................... 4

*Funeral Consumers All., Inc. v. Service Corp., Int'l*,
   695 F.3d 330 (5th Cir. 2012) .................................................................................... 5

*Giboney v. Empire Storage & Ice Co.*,
   336 U.S. 490 (1949) ................................................................................................ 11

*Girouad v. United States*,
   328 U.S. 61 (1946) .................................................................................................. 10

*Graham v. Richardson*,
   403 U.S. 365 (1971) ................................................................................................ 13

*Hines v. Quillivan*,
   982 F.3d 266 (5th Cir. 2020) ................................................................................ 8, 9

*Howell v. Town of Ball*,
   827 F.3d 515 (5th Cir. 2016) .................................................................................... 2

*Howery v. Allstate Ins. Co.*,
  243 F.3d 912 (5th Cir. 2001) .................................................................................................. 2

*Kennedy v. Bremerton Sch. Dist.*,
  597 U.S. 507 (2022) ........................................................................................................... 7, 8

*Koontz v. St. Johns River Mgmt. Dist.*,
  570 U.S. 595 (2013) ............................................................................................................ 13

*Lewis v. Casey*,
  518 U.S. 343 (1996) .............................................................................................................. 3

*Mass. Bd. of Ret. v. Murgia*,
  427 U.S. 307 (1976) .............................................................................................................. 9

*Maynard v. Hill*,
  125 U.S. 190 (1888) ................................................................................................. 9, 11, 12

*McCullen v. Coakley*,
  573 U.S. 464 (2014) ............................................................................................................ 12

*McLin v. Twenty-First Judicial Dist.*,
  79 F.4th 411 (5th Cir. 2023) ................................................................................................. 2

*Mi Familia Vota v. Ogg*,
  105 F.4th 313 (5th Cir. 2024) ............................................................................................... 2

*Moore v. Bryant*,
  853 F.3d 245 (5th Cir. 2017) ............................................................................................... 4

*Nat'l Ass'n for Advancement of Psych. v. Cal. Bd. of Psych.*,
  228 F.3d 1043 (9th Cir. 2000) ........................................................................................... 11

*Nat'l Fed'n of the Blind of Tex., Inc. v. City of Arlington, Texas*,
  109 F.4th 728 (5th Cir. 2024) ............................................................................................. 12

*Porretto v. City of Galveston Park Bd. of,
  Tr.*, 113 F.4th 469 (5th Cir. 2024) .................................................................................. 2, 3

*Reagan v. Taxation Without Representation of Wash.*,
  461 U.S. 540 (1983) ............................................................................................................ 13

*Reule v. Jackson*,
  114 F.4th 360 (5th Cir. 2024) ............................................................................................... 3

*Romer v. Evans*,
  517 U.S. 620 (1996) .............................................................................................................. 8

*Rumsfeld v. Forum for Acad. and Inst. Rights, Inc.*,
  547 U.S. 47 (2006) ........................................................................................................ 13

*Sherbert v. Verner*,
  374 U.S. 398 (1963) ...................................................................................................... 13

*Sonnier v. Quarterman*,
  476 F.3d 349 (5th Cir. 2007) ........................................................................................ 8, 9

*Sorrell v. IMS Health, Inc.*,
  564 U.S. 552 (2011) ...................................................................................................... 11

*Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*,
  37 F.4th 1078 (5th Cir. 2022) ...................................................................................... 5, 6

*Tenth St. Residential Ass'n v. City of Dallas, Tex.*,
  968 F.3d 492 (5th Cir. 2020) ....................................................................................... 5, 6

*Town of Greece, N.Y. v. Galloway*,
  572 U.S. 565 (2014) ........................................................................................................ 7

*Universal Life Church v. Utah*,
  189 F. Supp. 2d 1302 (D. Utah 2002) ....................................................... 3, 8, 11, 13

*Verastique v. City of Dallas*,
  106 F.4th 427 (5th Cir. 2024) ......................................................................................... 3

*Watson v. Maryland*,
  218 U.S. 173 (1910) ...................................................................................................... 11

*Zablocki v. Redhail*,
  434 U.S. 374 (1978) ........................................................................................................ 8

*Zimmerman v. City of Austin, Tex.*,
  881 F.3d 378 (5th Cir. 2018) .......................................................................................... 5

Statutes

TEX. FAM. CODE ANN. § 2.202 .......................................................................................... *passim*

TEX. FAM. CODE ANN. §§ 2.401, 2.402 ..................................................................................... 8, 13

U.S. Const. art. VI, cl. 3 ............................................................................................................. 10

Other Authorities

*The Place of Worship in Solemnization of a Marriage*,
  30 J.L. & Religion 260 (2015) ........................................................................................ 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Center for Inquiry, Inc., and Eric McCutchan,<br><br>　　　　Plaintiffs,<br>v.<br><br>Mary Louise Nicholson in her capacity as Clerk of Tarrant County, Texas, and Phil Sorrells in his capacity as District Attorney of Tarrant County, Texas,<br><br>　　　　Defendants. | Civil Action No. 4:24-cv-01039-O |

## Defendants' Motion to Dismiss First Amended Complaint with Brief in Support

The Texas Family Code limits who can legally solemnize a marriage. TEX. FAM. CODE ANN. § 2.202. Plaintiffs, who are not among those so authorized, seek to hold that statute unconstitutional. *See* ECF No. 11. Because the Plaintiffs lack standing, the Court should dismiss this suit for lack of jurisdiction. But even if the Plaintiffs have standing, the Court should still dismiss this suit for failure to state a claim.

### Facts

The Center for Inquiry, Inc. (CFI) is a humanist organization—divorced from religion (which it maintains is a man-made creation)—that seeks to foster an ethical world based on human values and ethical principles. *See* ECF No. 11 at ¶¶ 17-21. CFI authorized Eric McCutchan to perform secular marriages consistent with its values and views. ECF No. 11 at ¶ 22.

CFI has roughly 1,000 members in Texas. ECF No. 11 at ¶ 17. Some of its "supporters" in Texas wish to be married by a CFI celebrant in a manner consistent with CFI's beliefs. ECF No. 11 at ¶ 23. Other Texas citizens unaffiliated with CFI

1

have also requested that CFI celebrants perform their weddings. ECF No. 11 at ¶ 24. Some of these requests were directed to McCutchan. ECF No. 11 at ¶ 29. He informed each couple that Texas law prohibited him from solemnizing the marriage. *Id.* Plaintiffs allege that if McCutchan attempts to solemnize a marriage, two consequences could result: 1) Mary Louise Nicholson (the Tarrant County Clerk) will not record the marriage license, and 2) Phil Sorrells (the Tarrant County Criminal District Attorney) might prosecute him. ECF No. 11 at ¶ 31.

## Argument

This case concerns who can solemnize a marriage for purposes of state recognition. Plaintiffs lack standing to bring their claims. But even if they had standing, they fail to state a claim for which relief can be granted. Thus, the Court should dismiss their suit.

### 1. Standards of Decision

A court must dismiss an action when it lacks subject-matter jurisdiction, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), which a party may challenge under Rule 12(b)(1). *McLin v. Twenty-First Judicial Dist.*, 79 F.4th 411, 415 (5th Cir. 2023). The plaintiff has the burden of establishing the court's jurisdiction. *Id*. In considering its jurisdiction, the court takes the well-pled factual allegations as true and views them in a light most favorable to the plaintiff. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 319 (5th Cir. 2024). The court should consider a jurisdictional attack before addressing any merits-based challenge. *Porretto v. City of Galveston Park Bd. of Tr.*, 113 F.4th 469, 481 (5th Cir. 2024).

To avoid dismissal under Rule 12(b)(6), Plaintiffs had to plead enough facts to state a claim that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016). In considering a motion under this rule, a

court accepts as true the well-pled facts, drawing all reasonable inferences in favor of the nonmoving party. *Verastique v. City of Dallas*, 106 F.4th 427, 431 (5th Cir. 2024). But the court does not presume true legal conclusions, conclusory statements, or naked assertions without factual enhancement. *Id*.

## 2. Plaintiffs do not have standing

Plaintiffs attack the constitutionality of Section 2.202 of the Texas Family Code, which authorizes judges and religious officials to solemnize weddings. *See* TEX. FAM. CODE ANN. § 2.202(a). The Plaintiffs failed to establish that they have standing for their claims. Constitutional standing consists of a concrete and particularized injury 1) that is real or imminent, 2) that is traceable to the defendant's conduct, and 3) that a favorable decision will redress. *Porretto*, 113 F.4th at 481. A plaintiff must establish standing for every claim he advances. *Reule v. Jackson*, 114 F.4th 360, 367 (5th Cir. 2024).

### 2.1 McCutchan lacks standing

To satisfy the injury-in-fact element of standing, McCutchan must show that he has sustained a violation of his constitutional rights. *Abdullah v. Paxton*, 65 F.4th 204, 210 (5th Cir. 2023). But there is no constitutional right to conduct a marriage ceremony—let alone solemnize a marriage. *Universal Life Church v. Utah*, 189 F. Supp. 2d 1302, 1314 (D. Utah 2002). Accordingly, McCutchan's inability to do so is not an injury-in-fact relevant to any of the constitutional claims he asserts. *See id*.; *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (holding that inadequate prison library is not a relevant injury under the Sixth Amendment when plaintiff did not allege that library hindered his ability to pursue a claim). Because his alleged injury does not implicate a legally protected interest, he does not have standing.

While McCutchan asserts that Section 2.202 injures him by allowing religious celebrants to solemnize marriages but not secular celebrants like him, such injury is stigmatic. Stigmatic injuries are insufficient to confer standing when the source of

the stigma is merely statutory text. *Barber v. Bryant*, 860 F.3d 345, 354 (5th Cir. 2017). Rather, the plaintiff must have a "personal confrontation" with religious exercise to have an injury-in-fact. *Id*. McCutchan does not allege such a confrontation. Perhaps he could establish standing if Section 2.202 compelled a particular behavior of him, *id*. at 355, but he makes no such allegation. As such, his stigmatic injuries do not give him standing in this case. *Id*. at 354-55.

To the extent McCutchan alleges unequal treatment, he must still plead an actual or imminent injury. He does not clim any past discrimination, whether by the Clerk or the District Attorney. The Complaint does not allege that the Clerk previously refused to record a marriage that he solemnized or that the District Attorney prosecuted him for attempting to solemnize a marriage. This alone negates standing. *Moore v. Bryant*, 853 F.3d 245, 249 (5th Cir. 2017) (plaintiff must plead he is personally subjected to discrimination to establish stigmatic injury standing under Equal Protection Clause).

Nor does McCutchan adequately plead a future injury, which must be certainly impending to confer standing. *Barber*, 860 F.3d at 357. He says that he desires to perform marriages, ECF No. 11 at ¶ 38(b), but does not identify any couple who presently wish to have him solemnize their marriage in Tarrant County. *See*, ECF No. 11. He does not allege that any such couple has a wedding license, that the wedding date is imminent, or that he intends to sign the license and return it to the Clerk. *Id*. Without such allegations, McCutchan cannot establish standing. *Barber*, 860 F.3d at 357 (allegation of an intention to marry alone insufficient without allegations of specific plans to attempt marriage). Allegations—like these—of an injury at "some indefinite future time" are not imminent. *E.T. v. Paxton*, 41 F.4th 709, 716 (5th Cir. 2022).

McCutchan attempts to avoid this problem by pleading fear of possible prosecution. ECF No. 11 at ¶¶ 29, 31. A plaintiff can establish standing under these

4

circumstances if he demonstrates a realistic danger of harm resulting from a statute's enforcement. *Zimmerman v. City of Austin, Tex.*, 881 F.3d 378, 388 (5th Cir. 2018). To meet this test, he must establish that he intends to engage in the proscribed conduct. *Id.* at 389. But McCutchan admits that he does not intend to engage in illegal activity. ECF No. 11 at ¶ 29. Further, a fear of future prosecution must be more than "imaginary or wholly speculative." *Zimmerman*, 881 F.3d at 390. A threat of prosecution is credible if there is a history of past prosecution under the challenged statute. *See, Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 925 (5th Cir. 2023). McCutchan does not allege that the District Attorney has ever prosecuted someone for violating Section 2.202. *See* ECF No. 11. The possibility, then, of future prosecution is wholly speculative and negates standing.

## 2.2 CFI does not have standing

Similarly, CFI lacks standing to bring this suit. An organization can establish standing by asserting injuries on behalf of its injured members (associational) or by asserting injuries it suffered itself (organizational). *Tenth St. Residential Ass'n v. City of Dallas, Tex.*, 968 F.3d 492, 500 (5th Cir. 2020). CFI lacks standing under both approaches.

To show associational standing, the organization must show that its individual members would have standing, the interest the association seeks to protect is "germane to its purpose," and that the claims asserted and relief sought do not require the individual members' participation. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1084 (5th Cir. 2022). To satisfy the first prong, the organization must identify at least one member with an injury that confers standing. *Funeral Consumers All., Inc. v. Service Corp., Int'l*, 695 F.3d 330, 343-44 (5th Cir. 2012). CFI alleges that is has over 30,000 members (with roughly 1,000 in Texas), but it did not identify a single member, let alone one whom Section 2.202 has harmed. *See* ECF No. 11. McCutchan may have received training from CFI, ECF No. 11 at ¶

5

7, but there is no allegation that he is a member or participates in or guides CFI's efforts. *See Ass'n for Retarded Citizens of Dallas v. Dallas Cnty. Mental Health & Mental Retardation*, 19 F.3d 241, 244 (5th Cir. 1994) (recipient of organization's services not sufficient to confer associational standing). But even if McCutchan is a member, CFI does not have standing. CFI's standing depends on its member's standing, *Students for Fair Admissions, Inc.*, 37 F.4th at 1084, and as shown above, McCutchan lacks standing.

To the extent CFI seeks to sue on behalf of its unidentified Texas members, it failed to show an invasion of those members' legally protected interests. Section 2.202 does not impinge anyone's right to marry; rather, it limits who may solemnize a marriage. *See* TEX. FAM. CODE ANN. § 2.202. But there is no right to the solemnizer of one's choice. Consequently, CFI does not have associational standing on behalf of its unidentified Texas members.

Similarly, CFI lacks organizational standing. The same test for individual standing applies to organizations. *Tenth Street Residential Ass'n*, 968 F.3d at 500. CFI claims that Section 2.202 harms it by denying it the ability to spread its essential beliefs through wedding ceremonies. *See* ECF No. 11. But Section 2.202 does not prohibit CFI from training its celebrants or from expressing its essential beliefs at meetings and ceremonies. And while CFI complains that it wants others to be able to have CFI solemnize their wedding, that injury (if any) belongs to the marrying couple. Put simply, Section 2.202 does not injure CFI in any way. As such, it lacks standing.

### 3. Plaintiffs do not assert any cognizable claims

Even if the Court finds that Plaintiffs have standing, it should still dismiss this suit because Plaintiffs failed to state any cognizable claim.

### 3.1 Section 2.202 does not violate the Establishment Clause

Section 2.202 specifies who can solemnize marriages in Texas. This list includes state and federal judges, as well as Christian ministers or priests, Jewish

rabbis, and any person a religious organization authorizes to conduct a marriage ceremony. TEX. FAM. CODE ANN. § 2.202(a). Plaintiffs claim that the statute's exclusion of secular groups like CFI violates the Establishment Clause. ECF No. 11 at ¶¶ 33-39. Courts must interpret the Establishment Clause with reference to the historical practices and understandings at the nation's founding. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 535 (2022). Put otherwise, if a statute encompasses a practice that the Framers accepted, it is constitutional. *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 577 (2014). Section 2.202 easily passes this test.

Since this nation's founding, the States have limited the solemnization of marriages to religious and public officials. In England, only ministers of the Church of England could solemnize marriages, and this practice carried over to the American colonies. Wendy Kennett, *The Place of Worship in Solemnization of a Marriage*, 30 J.L. & Religion 260, 266-67 (2015). The States retained this tradition, limiting solemnization to religious ministers (though not of a particular church) and government officials. *See e.g.*, An Act Concerning Marriages (1777), *reprinted in Laws of Maryland* ch. 12 (Frederick Green ed., 1787) (only religious ministers); An Act Regulating Marriages § 2 (1824), *reprinted in Statute of the State of Ohio* 569 (Joseph R. Swan ed., 1854) (religious officials and justices of peace). Congress did the same for the District of Columbia. An Act in Relation to Marriages Within the District of Columbia, 27th Cong., 5 U.S. Stat. 498, 498 (1856).

Texas followed these historical practices and understandings. In 1837, the Republic of Texas passed a law limiting solemnization to "ordained Ministers of the Gospel" and state and local judges. 1837 Act, § 3. When Texas entered the United States, it retained this same law. Since then, the Texas Legislature expanded the persons authorized to solemnize marriages to include ministers or officials of other religions and federal judges. *See* 1891 Act, § 1; 1957 Act, § 1; 1965 Act, § 1; 1969 Act,

7

§ 1.83(4). In short, Texas has always limited the authority to solemnize marriages to religious officials and judges. Thus, history confirms that Section 2.202 does not violate the Establishment Clause. *Kennedy*, 597 U.S. at 535-36. As such, the Court should dismiss Plaintiffs' Establishment Clause claim.

### 3.2 Plaintiffs do not have a claim under the Equal Protection Clause

Plaintiffs similarly fail to state an equal protection claim. While the Fourteenth Amendment requires states to treat similarly situated persons alike, it "must coexist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Sonnier v. Quarterman*, 476 F.3d 349, 368 (5th Cir. 2007) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)). Consequently, if the challenged law "neither burdens a fundamental right nor targets a suspect class, [a court] will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Id*. And when—as is the case here—social legislation is at issue, the Court is to presume the legislation is valid. *Hines v. Quillivan*, 982 F.3d 266, 273 (5th Cir. 2020).

The Supreme Court has long recognized that states may impose reasonable regulations on marriage so long as they do not significantly interfere with the decision to marry. *Zablocki v. Redhail*, 434 U.S. 374, 387 (1978). Section 2.202 imposes no such burden. If a couple does not wish to marry before a judicial or religious official, they may still marry and have the state recognize their marriage by filing a declaration of marriage. TEX. FAM. CODE ANN. §§ 2.401, 2.402. And the Constitution does not guarantee anyone the right to solemnize a wedding or to the solemnizer of their choice. *See Universal Life Church v. Utah*, 189 F.Supp.2d 1302, 1314 (D. Utah 2002) (no protectable interest in performing wedding ceremonies). Thus, Section 2.202 does not implicate a fundamental right.

Nor does this case involve a suspect class, which is a group that has historically been "saddled with [ ] disabilities," subjected to purposeful unequal treatment, or

relegated to political powerlessness. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 313 (1976). Defendants have found no case in which secular humanists were held to be a suspect class, which is not surprising, as such groups typically involve race, sex, or national origin. *Id.*

Because Section 2.202 does not implicate a fundamental right and the Plaintiffs are not members of a suspect class, they must overcome rational basis review. *Sonnier*, 476 F.3d at 368. A court will uphold a classification if there is "a conceivable rational basis" for the classification. *Hines*, 982 F.3d at 273. As discussed above, Section 2.202 comports with centuries-long and nationwide practices and understandings. Such laws reflect the recognition that marriage "is the foundation of the family and of society," *Maynard v. Hill*, 125 U.S. 190, 211 (1888), and that entering a marital union is a serious matter. Marriage changes a couple's legal relations, including classification of property (communal versus personal), parental rights and obligations, and what assets are subject to execution. Thus, solemnization a) notifies the state of a change in the individuals' relationship and b) helps ensure that couples understand that their union impacts not just them, but society at large. *See id.*

Given these considerations, Section 2.202 rationally limits who can solemnize a marriage. It provides that state and federal judges may solemnize marriages. TEX. FAM. CODE ANN. § 2.202(a)(4). The state could have limited such authority to judges, but it offers an accommodation to religious persons. TEX. FAM. CODE ANN. §§ 2.202(a)(1)–(a)(3). Religions have viewed marriage as solemn for thousands of years. *See, e.g.*, Deut. 22:13-29; Mark 10:1-12. Because this view of marriage is consistent with the purpose of Section 2.202, it is reasonable to allow a religious official to solemnize marriages. That Texas does not extend the same accommodation to others—whether secular humanists, the Masons, the Boy Scouts, or any other group—does not render Section 2.202 unconstitutional.

9

For the above reasons, the Plaintiffs fail to state an Equal Protection claim, and the Court should dismiss it.

### 3.3 Plaintiffs are not government officials

Plaintiffs also claim that Section 2.202 violates Article VI's prohibition of religious tests as qualification for office. *See* ECF No. 11 at ¶¶ 47-54. The Religious Test Clause provides that:

> The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious test shall ever be required as a qualification to any office or public trust under the United States.

U.S. Const. art. VI, cl. 3.

Article VI deals exclusively with senators, representatives, executive and judicial officers of the federal and state governments. By its plain language, then, the Religious Test Clause applies only to government officials. Government officials are those "who carry out some portion of a government's sovereign powers," *Official*, BLACK'S LAW DICTIONARY (12th ed. 2024), such as "mak[ing] and enforc[ing] the laws of the nation and administer[ing] its affairs." *Girouad v. United States*, 328 U.S. 61, 65-66 (1946). Further, because the Clause contains the modifier, "under the United States," it applies only to federal officials. Wedding celebrants do not make and enforce laws—whether on the state or federal level. Thus, Section 2.202 does not implicate the Religious Test Clause.

### 3.4 Section 2.202 does not implicate Freedom of Speech

Plaintiffs alternatively contend that Section 2.202 restricts their freedom of speech in violation of the First Amendment. ECF No. 11 at ¶¶ 55-63. But that statute does not regulate speech; it regulates conduct. While there is "some kernel of expression present in almost every activity … such a kernel is not sufficient to bring the activity within the protection of the First Amendment." *City of Dallas v. Stanglin*,

10

490 U.S. 19, 25 (1989). That conducting a marriage ceremony (presumably) involves speech is of no moment. After all, "it has never been an abridgement of freedom of speech … to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949). Put otherwise, the First Amendment does not prevent restrictions directed at conduct from imposing incidental burdens on speech. *Sorrell v. IMS Health, Inc.*, 564 U.S. 552, 567 (2011).

Marriage "has always been subject to the control of the legislature." *Maynard*, 125 U.S. at 205. In fact, "states have an absolute right to prescribe the condition upon which marriage shall be created." *Universal Life Church*, 189 F.Supp.2d at 1315. This power of control includes prescribing the legal conditions to marry, the procedure and form essential to constitute a marriage, the duties and obligations marriage creates, the effects upon property rights, and the conditions for dissolution. *Maynard*, 125 U.S. at 205. It also includes the power to regulate the forms and procedures necessary to solemnize a marriage. *Universal Life Church*, 189 F.Supp.2d at 1315.

Section 2.202 does not regulate speech, as it says nothing about the content of a marriage ceremony. TEX. FAM. CODE ANN. § 2.202(a). Rather, it governs who is qualified to solemnize marriages for purposes of state recognition. TEX. FAM. CODE ANN. § 2.202(a). Such a regulation, like the licensing of professionals such as attorneys and psychoanalysts, is a valid exercise of police power. *See Watson v. Maryland*, 218 U.S. 173, 176 (1910) (regulation of trades through licensing); *Universal Life Church*, 189 F.Supp.2d at 1315 (solemnization a valid exercise of police power); *Nat'l Ass'n for Advancement of Psych. v. Cal. Bd. of Psych.*, 228 F.3d 1043, 1055-56 (9th Cir. 2000) (qualifications for psychoanalysis license do not violate First Amendment).

Further, Section 2.202 is content neutral and, therefore, does not trigger strict

11

scrutiny. *See Nat'l Fed'n of the Blind of Tex., Inc. v. City of Arlington, Texas*, 109 F.4th 728, 734 (5th Cir. 2024) (levels of scrutiny). A regulation is content-based when it targets speech based on its message. *McCullen v. Coakley*, 573 U.S. 464, 479 (2014). When the regulation does not require an examination of the content of speech, it is content-neutral. *Id.* Here, the District Attorney need not examine what was said in a marriage ceremony to determine if the celebrant violated Section 2.202. Rather, he would have to determine if the celebrant is one of the persons qualified under statute to solemnize the marriage. Because the content of the ceremony has no bearing on if a violation occurred, Section 2.202 is content neutral to the extent it regulates expressive activity. *Id.*

Because Section 2.202 is content neutral, the Court applies intermediate scrutiny to it. *Nat'l Fed'n of the Blind of Tex., Inc.*, 109 F.4th at 736. A statute will withstand such scrutiny when it is narrowly tailored to serve a significant government interest and provides alternative channels of communication. *Id.* Section 2.202 easily passes this test. As noted above, the state has a significant interest in regulating marriage, as it is "the most important relation in life," significantly alters the relations between the couple and society and affects property rights. *Maynard*, 125 U.S. at 206. Section 2.202 limits who can solemnize marriages in Texas to those persons that convey the gravity associated with the institution. The limits are consistent with historical practices and understandings in place since this nation's founding. Thus, Section 2.202 is narrowly tailored to serving the interest of protecting the integrity of marriage.

The statute also leaves open numerous alternative avenues of communication. While Section 2.202 does not allow Plaintiffs to solemnize weddings in Texas, it does not prevent them from conducting weddings altogether. A CFI celebrant such as McCutchan may celebrate a wedding, but he cannot execute a marriage license. TEX. FAM. CODE ANN. §§ 2.202, 2.206 (who may execute marriage licenses). Further,

12

Section 2.202 does not prevent Plaintiffs from disseminating their values and their "secular template" through other channels. They may still hold educational and social activities, including their weekly Sunday event and monthly events. *See* ECF No. 11 at ¶ 17. In short, Plaintiffs have ample alternatives for their speech.

Section 2.202 gives couples numerous alternatives for their weddings, as well. A person wishing to marry may use the religious minister of his choice, or any number of judicial officers. TEX. FAM. CODE ANN. § 2.202(a). If none of these options are acceptable, the couple may marry as they see fit (such as before a CFI celebrant) and have that marriage recognized by filing a declaration of marriage with the county clerk. *See* TEX. FAM. CODE ANN. §§ 2.401, 2.402. As such, the statute withstands intermediate scrutiny.

### 3.5 Section 2.202 does not impose an unconstitutional condition

Plaintiffs' claim that Section 2.202 imposes an unconstitutional condition fares no better. That doctrine prohibits the government from denying a benefit to a person because he exercises an enumerated constitutional right. *Koontz v. St. Johns River Mgmt. Dist.*, 570 U.S. 595, 606 (2013). The doctrine applies only if the Constitution would prohibit the government from directly achieving the desired result. *Rumsfeld v. Forum for Acad. and Inst. Rights, Inc.*, 547 U.S. 47, 59-60 (2006).

Plaintiffs have no claim under this doctrine as there is no constitutional right to solemnize a marriage. *Universal Life Church*, 189 F.Supp.2d at 1314. Further, the ability to solemnize a marriage does not confer a benefit on anyone, as Texas does not transfer to the officiant any license, subsidy, or other thing of value. *See, e.g.*, *Reagan v. Taxation Without Representation of Wash.*, 461 U.S. 540 (1983) (tax exemptions); *Graham v. Richardson*, 403 U.S. 365 (1971) (welfare payments); *Sherbert v. Verner*, 374 U.S. 398 (1963) (unemployment benefits). As discussed above, Texas has the direct authority to limit who can solemnize marriages, even to Plaintiffs' exclusion. Accordingly, the Court should dismiss Plaintiffs' unconstitutional conditions claim.

### 3.6 No independent claim for declaratory judgment

Plaintiffs' last "claim" is for declaratory judgment. *See* ECF No. 11 at ¶¶ 71-75. The Declaratory Judgment Act does not provide an independent cause of action. *Braidwood Mgmt., Inc.*, 70 F.4th at 932. Rather, it provides a remedy for an already-existing cause of action. *Collin County, Texas v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990). Because the Plaintiffs fail to state any viable cause of action, the Court should deny them declaratory relief.

### Conclusion

The Court should dismiss this case because Plaintiffs lack standing. Alternatively, it should dismiss this suit because Plaintiffs failed to state a claim for which relief can be granted.

Respectfully submitted,

PHIL SORRELLS
Criminal District Attorney
Tarrant County, Texas

*/s/ Stephen A. Lund*
_____
STEPHEN A. LUND
State Bar No. 24086920
salund@tarrantcountytx.gov
KATHERINE E. OWENS
State Bar No. 24081683
keowens@tarrantcountytx.gov
Assistant Criminal District Attorneys
Tim Curry Criminal Justice Center
401 West Belknap, 9th Floor
Fort Worth, Texas 76196-0201
(817) 884-1233 – Telephone
(817) 884-1675 – Facsimile

**Attorneys for Defendants**

14

## Certificate of Service

On December 31, 2024, I served a copy of the above document on all counsel of record via ECF pursuant to Fed. R. Civ. P. 5.

_____
STEPHEN A. LUND

15